UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MASSIAH AMERSON,

        Plaintiff,

v.                                               Case No. 11-12553
                                                   Hon. Lawrence P. Zatkoff

CITY OF DETROIT, LAWRENCE MITCHELL,
RANDALL CRAIG, and GREGORY ROBSON

        Defendants.
_____/

**OPINION AND ORDER**

AT A SESSION of said Court, held in the United States Courthouse,
in the City of Port Huron, State of Michigan, on August 13, 2012

PRESENT: THE HONORABLE LAWRENCE P. ZATKOFF
UNITED STATES DISTRICT JUDGE

## I. INTRODUCTION

This matter is before the Court on Defendant City of Detroit's Motion for Partial Summary Judgment [dkt 22]. Plaintiff has filed a response. Defendant City of Detroit has not filed a reply, and the time do so has elapsed. *See* E.D. Mich. L.R. 7.1(e). The Court finds that the facts and legal arguments are adequately presented in the parties' papers such that the decision process would not be significantly aided by oral argument. Therefore, pursuant to E.D. Mich. L.R. 7.1 (f)(2), it is hereby ORDERED that the motion be resolved on the briefs submitted, without oral argument. For the following reasons, Defendant City of Detroit's Motion for Partial Summary Judgment is GRANTED, and Defendant City of Detroit is dismissed from this case.

## II. BACKGROUND

Plaintiff's Complaint arises from a traffic stop conducted by Defendant Officers Lawrence

Mitchell ("Mitchell"), Randall Craig ("Craig"), and Gregory Robson ("Robson") in the City of Detroit.  Defendants Mitchell, Craig, and Robson ("Defendant Officers") are police officers employed by Defendant City of Detroit ("Defendant City").

On or about June 19, 2009, Plaintiff was driving a car at approximately 8:00 p.m. Meanwhile, Defendant Officers were on routine patrol in an "unmarked" black car.[1] They observed Plaintiff make a right turn while failing to signal, which Plaintiff disputes.  Defendant Officers then stopped Plaintiff.  According to Plaintiff, Defendant Officers were dressed in plain clothes and never identified themselves as police officers until after he was apprehended.  One of the Defendants allegedly grabbed Plaintiff.  Scared, Plaintiff ran.  Eventually apprehended, Plaintiff claims certain Defendant Officers hit him while he was "lying helplessly on the ground."  Defendants Robson and Mitchell transported Plaintiff to the police precinct in the patrol car, and Defendant Craig drove Plaintiff's car to the precinct.  After being processed, Plaintiff received medical treatment at the Detroit Receiving Hospital, including the placement of a cast on his leg.  Plaintiff states that he continues to experience pain in his legs as a result of Defendant Officers' alleged use of excessive force.

On June 13, 2011, Plaintiff filed his four-count Complaint, wherein he alleges that Defendants deprived him of certain statutory rights and protections afforded under the Fourth Amendment of the Constitution against excessive force.  Plaintiff's federal claim against Defendant Officers is pursuant to 42 U.S.C. § 1983, whereas his claim against Defendant City is based on its purported failure to train and supervise its officers.  The Court declined to exercise jurisdiction over

---

[1] While Plaintiff stated that the car was "unmarked," Defendant Officers stated that the car was a semi-marked black Crown Victoria.

Plaintiff's two state-law claims (assault and battery and gross negligence). After discovery, Defendant City filed the instant Motion for Partial Summary Judgment, asserting that Plaintiff's claim against Defendant City fails as a matter of law.

### III.  LEGAL STANDARD

Summary judgment is proper where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(c); *Thompson v. Ashe*, 250 F.3d 399, 405 (6th Cir. 2001).  A genuine issue of material fact exists when there is "sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986) (citations omitted).  The moving party bears the initial burden of demonstrating the absence of any genuine issue of material fact, and all inferences should be made in favor of the nonmoving party.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).  The moving party discharges its burden by "'showing'—that is, pointing out to the district court—that there is an absence of evidence to support the nonmoving party's case." *Horton v. Potter*, 369 F.3d 906, 909 (6th Cir. 2004) (citing *Celotex*, 477 U.S. at 325).

Once the moving party has met its burden of production, the burden then shifts to the nonmoving party, who must "go beyond the pleadings and by . . . affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" *Celotex*, 477 U.S. at 324 (citing Fed. R. Civ. P. 56(e)).  The nonmoving party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986).  "[T]he mere existence of a scintilla of evidence in support of the [nonmoving party's] position will be insufficient

[to defeat a motion for summary judgment]; *there must be evidence on which the jury could reasonably find for the [nonmoving party]*." *Anderson*, 477 U.S. at 252 (emphasis added).

## IV. ANALYSIS

Plaintiff's claim against the Defendant Officers (Count I) is not at issue in this Motion for Partial Summary Judgment. Rather, the Court's focus is on Plaintiff's allegations against the Defendant City for municipal liability based on its alleged failure to train and supervise its officers. Plaintiff mounts no defense in his response brief to Defendant City's arguments that the failure to train claim fails as a matter of law; the Court therefore finds this claim waived and grants Defendant City summary judgment on Plaintiff's failure to train claim. The Court turns its attention to the failure to supervise claim.

A municipal or governmental entity can be found liable for the violation of a constitutionally protected right only if a plaintiff can establish that an officially executed policy, or the toleration of a custom of such municipality or governmental entity, leads to, causes or results in the deprivation of such rights. *Monell v. Dept. of Soc. Servs.*, 436 U.S. 658, 690–91 (1978). Therefore, Plaintiff must not only identify a policy or custom, he also must connect the policy or custom to Defendant City and *show causation between the particular injury and the execution of that policy or custom. Garner v. Memphis Police Dept.*, 8 F.3d 358, 364 (6th Cir. 1993).

A municipality can be held liable for failing to supervise its officers. *Doe v. City of Roseville*, 296 F.3d 431, 440 (6th Cir. 2002). It must be shown that such failure was a deliberate or conscious choice by the municipality. *Kammeyer v. City of Sharonville*, No. 01-00649, 2006 U.S. Dist. LEXIS 24058, at *33–34 (S.D. Ohio Apr. 26, 2006). "Determining whether deliberate indifference is present in failure to train or supervise cases involves applying an objective rather than

subjective standard." *Kammeyer*, 2006 U.S. Dist. LEXIS 24058, at *34 (citing *Farmer v. Brennan*, 511 U.S. 825, 841 (1970)).

Plaintiff relies on the following evidence pertaining to Defendant Officers' police records to show that Defendant City had a custom of failing to adequately supervise its officers, which resulted in the alleged application of excessive force on Plaintiff:

(1) Defendant Robson:

    (a)    alleged use of excessive force in two pending cases;

    (b)    being investigated by internal affairs for an off-duty incident involving the discharge of his weapon at two other individuals; Defendant Robson claims it was in self-defense;

    (c)    provided at least five *Garrity* statements regarding use of force;[2]

    (d)    reprimanded for his conduct during a traffic stop in the mid-2000s;

(2) Defendant Mitchell:

    (a)    allegations of the use of excessive force by hitting someone with his weapon in a civil case; the case was disposed of before a three-attorney panel in case evaluation;

    (b)    similar allegations regarding shooting an individual in a pending matter;

    (c)    three investigations by internal affairs for use of excessive force; two investigations were determined unfounded, and the third, occurring in 2011, remains pending;

    (d)    attended a hearing before the police commander for failing to make a report and ordered to be retrained on writing reports; Defendant Mitchell alleges two complainants refused to make a report, but it was concluded he should have at least made an information report;

---

[2] A *Garrity* statement is generally identified as the statements made by an officer at a department disciplinary proceeding or internal affairs investigation. Those statements are then prohibited from being used against the officer in a subsequent criminal prosecution. *See Garrity v. New Jersey*, 385 U.S. 493 (1967).

    (e)    reprimanded for failing to appear in court on June 20, 2003;

(3) Defendant Craig:

    (a)    alleged use of excessive force in a citizen complaint, which was determined unfounded;

    (b)    investigated by internal affairs for stealing money, which was unfounded;

    (c)    provided *Garrity* statement regarding allegations—later determined unfounded—that he exhibited improper demeanor and used inappropriate language;

    (d)    suspended from his job due to neglect of duty, willfully making a false or oral written statement or report (failed to immediately notify the zone dispatcher with necessary information regarding vehicular pursuit, and made false written reports regarding circumstances of vehicular pursuit);

    (e)    charged for failure to include information in an Activity Log in October 1999, later dismissed;

    (f)    found guilty of conduct unbecoming of an officer and wilfully making a false statement; he was terminated but subsequently taken back after appealing the matter to arbitration; and

    (g)    reprimanded for failing to appear at the Office of the Chief Investigator for *Garrity* interviews in 2011.

After review of the above noted conduct, the Court finds such evidence insufficient to show that Defendant City "turns a blind eye to the indiscretions of its police officers," as Plaintiff contends. Many of the incidents related to excessive force were investigations or allegations of which the final disposition cleared the Defendant Officers of any wrongdoing or the final disposition has not yet been determined. None of the incidents place Defendant City on notice that Defendant Officers have a history of use of excessive force.

Conduct unrelated to excessive force was not ignored by Defendant City, further establishing Defendant City's supervision of Defendant Officers. Complaints were investigated; Defendant

Officers were reprimanded when necessary, and in one instance, Defendant Craig was terminated (subsequently taken back after appeal). Additionally, the incident with Plaintiff occurred on June 19, 2009; thus, any conduct by Defendant Officers occurring after this date cannot be attributed to Defendant City as causing the alleged deprivation of Plaintiff's rights.

After review of the conduct, Plaintiff has no evidence that Defendant City ignored complaints or that Defendant Officers' conduct was so deficient or egregious that Defendant City's failure to do more amounted to deliberate indifference. Even if Defendant City was negligent in supervising Defendant Officers, Plaintiff is not constitutionally protected from Defendant City's negligence. *See Doe*, 296 F.3d at 441 ("Negligence is not enough to impose section 1983 liability . . . ."). Plaintiff has failed to demonstrate facts that would allow a reasonable jury to conclude that Defendant City made a deliberate or conscious choice to not supervise its officers, resulting in the purported violation of Plaintiff's rights. For the reasons stated above, the Court grants Defendant City's Motion for Partial Summary Judgment as to Plaintiff's failure to supervise claim.

## V. CONCLUSION

Accordingly, for the reasons stated above, IT IS HEREBY ORDERED that Defendant City of Detroit's Motion for Partial Summary Judgment [dkt 22] is GRANTED.

IT IS FURTHER ORDERED that Plaintiff's claim against Defendant City of Detroit is DISMISSED WITH PREJUDICE. Defendant City of Detroit is dismissed from this case.

Plaintiff's sole remaining claim is his claim against Defendants Mitchell, Craig, and Robson.

IT IS SO ORDERED.

s/Lawrence P. Zatkoff
LAWRENCE P. ZATKOFF
UNITED STATES DISTRICT JUDGE

Dated:  August 13, 2012

CERTIFICATE OF SERVICE

The undersigned certifies that a copy of this Order was served upon the attorneys of record by electronic or U.S. mail on August 13, 2012.

s/Marie E. Verlinde
Case Manager
(810) 984-3290